IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL NO. 2:99CR81

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | <u>O R D E R</u> |
| | ) | |
| PETER KAY STERN | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for a revised presentence report, which is denied.

In support of the motion, defense counsel advises that in view of *United States v. Booker*, 543 U.S. 220 (2005),

> sentencing courts are to give weight to all the factors in 18 U.S.C. [§] 3553(a), including several factors that were originally not sufficiently accounted for under the previously existing mandatory sentencing scheme. As such, Mr. Stern's original PSR is tainted in that factors that were ignored because of their limited importance pre-*Booker* were either omitted or not given due weight in the probations officer's recommendations. . . . This Court is now required to consider the history and characteristics of Mr. Stern as well as the nature and circumstances of the offense.

**Motion, filed March 21, 2006, at 2-3.** The "factors" not sufficiently considered in the presentence report are not identified. The "factors" that

were allegedly ignored are not identified.  The "history and characteristics of Mr. Stern" are discussed in Part C of the original presentence report.  The "nature and circumstances of the offense" are discussed in Part A of the presentence report.  While counsel volunteers to provide the Probation Office with "a list of perceived inaccuracies," no such list in included in the motion.  And, the statement is made that the past four years of the Defendant's life must be considered although no precedent is cited for that conclusion.

In accordance with the Supreme Court's directive, the undersigned will consider the provisions of 18 U.S.C. § 3553(a) in resentencing the Defendant.  Included in the presentence report are discussions of the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1); the history and characteristics of the defendant, *id.*; the need for the sentence to reflect the seriousness of the offense and to provide just punishment, 18 U.S.C. § 3553(a)(2)(A); the need to provide the defendant with educational or vocational training and medical care, 18 U.S.C. § 3553(a)(2)(D); the kinds of sentences available, 18 U.S.C. § 3553(a)(3); and the need to provide restitution, 18 U.S.C. § 3553(a)(7).  At the sentencing hearing, counsel will be provided an opportunity to address these and the remaining

provisions of 18 U.S.C. § 3553.  The Court does not find that a revised presentence report is either necessary or would be helpful.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a revised presentence report is hereby **DENIED**.

Signed: March 23, 2006

Lacy H. Thornburg
United States District Judge