# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:99CR81

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| PETER KAY STERN | ) | |

**THIS MATTER** is before the Court on the Defendant's renewed motion for a new trial filed March 23, 2006. The Government has filed response to the motion.

On January 17, 2002, the Defendant filed a motion for a new trial which is virtually identical to the renewed motion here. Both contain the same allegation that the threatening letters mailed to the federal judges were not actually mailed by the Defendant but by Russell Landers. Both motions contain the following language: "The tape clearly establishes that it was Dudley and Landers who created and presented the document that is Government Trial Exhibit 11-1 to the "court" for redress, and that they took it with them when they left. . . . [They] did not advise Mr. Stern or the other signatures that they intended to mail the document to the US Marshals or

to any judges." **Defendant's Motion for a New Trial and Memorandum of Law, filed January 17, 2002, at 2; Defendant's Renewed Motion for a New Trial, filed March 23, 2006, at 2.** The only difference between the two motions is that the Defendant has now obtained an "affidavit" from Russell Landers. However, the so-called affidavit is not sworn to under penalty of perjury and has not been notarized.

> In determining whether a new trial should be granted under Rule 33 for newly discovered evidence, [the] court utilizes a five-part test:
> > (a) the evidence must be, in fact, newly discovered, *i.e.*, discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably result in an acquittal.
>
> Without ruling out the possibility that a rare example might exist, [the Fourth Circuit has] never allowed a new trial unless all five elements were established.

***United States v. Fulcher***, 250 F.3d 244, 249 (4th Cir. 2001) (quoting ***United States v. Custis***, 988 F.2d 1355, 1359 (4th Cir. 1989). The Defendant's motion fails at the first step: this is not newly discovered evidence. It is the same argument raised and rejected in 2002. While Landers' "affidavit" may have been newly available, this evidence was not

newly discovered. **United States v. Harris**, 139 Fed. Appx. 548, 551 (4th **Cir. 2005).** Nor is the "affidavit" of sufficient quality to qualify as evidence. In addition to the fact that it is not sworn to or notarized, all that Landers really claims is that to "the best of the Affiant's knowledge and belief, Peter Kay Stern had nothing to do with the document other than placing his signature thereon." **Affidavit of Russell Landers, *attached to* Defendant's Motion.** This is merely cumulative evidence which is not material to the elements of the charges at hand. **Fulcher, supra.** Finally, it would not have resulted in an acquittal. *Id.*

However, there is another reason for denying the motion: it is untimely. Rule 33 provides that a motion for a new trial based on newly discovered evidence must be filed on or before 3 years from the date of the verdict. **Fed. R. Crim. P. 33(b)(1).** The jury's verdict in this case was rendered on July 20, 2000. This motion, *albeit* characterized as a "renewed" motion, is untimely. **See, e.g., United States v. Holmes**, 2006 WL 466593 (11th Cir. 2006); *United States v. Pedraza*, 101 Fed. Appx. 314 (10th Cir.), *cert. denied*, 543 U.S. 982 (2004); *United States v. Comacho*, 370 F.3d 303 (2d Cir. 2004), *cert. denied*, 125 S. Ct. 1619 (2005); *United States v. Correa*, 362 F.3d 1306 (11th Cir.), *cert. denied*,

**543 U.S. 982 (2004);** *United States v. Wright*, **215 F.3d 1323 (table), 2000 WL 655970 (4th Cir. 2000).**

    **IT IS, THEREFORE, ORDERED** that the Defendant's renewed motion for a new trial is hereby **DENIED**.

Signed: March 29, 2006

Lacy H. Thornburg
United States District Judge