THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:06cv28
[CRIMINAL CASE NO. 2:99cr81]

| | |
|---|---|
| PETER K. STERN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion for Summary Judgment on Motion for Reconsideration" [Doc. 32] and Affidavit in Support [Doc. 33], filed on January 4, 2012.

The Petitioner contends that the Government's failure to oppose his Motion for Reconsideration entitles him to an Order granting the relief sought therein. [Doc. 32]. The Court, however, already has entered an Order denying the Petitioner's Motion for Reconsideration. [See Doc. 31, entered December 15, 2011]. In addition, Petitioner is wrong in his assertion that simply because the Government has filed no response to his motion that the Government is now barred from opposing it and he is entitled to "summary judgment" granting the relief he seeks. [Doc. 32 at 3]. Petitioner cites no legal

authority for this novel proposition. The Petitioner's motion is therefore frivolous and is denied.

The Petitioner is hereby placed on notice that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. Demos v. Keating, 33 F. App'x 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Petitioner is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997);

2

In re Joseph Marion Head, 19 F.3d 1429 (4th Cir. 1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Summary Judgment on Motion for Reconsideration [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 9, 2012

Martin Reidinger
United States District Judge